STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

**09-146**

K. P.

VERSUS

T. F. P.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TWENTY-SEVENTH DISTRICT COURT
PARISH OF ST. LANDRY, NO. 04-C-1781-D
HONORABLE DONALD W. HEBERT, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**J. DAVID PAINTER
JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Oswald A. Decuir, and J. David Painter, Judges.

**AFFIRMED.**

**Timmy J. Fontenot**
**P.O. Box 68**
**Mamou, LA 70554**
**Counsel for Defendant-Appellant:**
    **T. F. P.**


**Jeremy D. Dean**
**P.O. Box 1273**
**Opelousas, LA 70571**
**Counsel for Plaintiff-Appellee:**
    **K. P.**

**PAINTER, Judge.**

T.F.P. appeals a judgment of the trial court denying her rule for change of custody and for child support. Finding no error in the trial court's ruling, we affirm.

**FACTS AND PROCEDURAL HISTORY**

K. P. and T. F. P. were married in 2002. They had one child, P. A. P., in May 2003. On April 28, 2004, K. P. filed a petition for divorce. The parties entered a consent judgment whereby they agreed to share joint custody of P. A. P., with reasonable visitation to be shared by the parties. A judgment of divorce was entered on March 23, 2005.

After the divorce, T. F. P. remarried M. B. and had two more children. It is alleged that T. F. P. separated from M. B. and for four to six months prior to September 25, 2007, was living with B. F. On September 25, 2007, K. P. filed a Rule for Change of Custody and Visitation and Motion and Order for Ex Parte Custody and Visitation alleging in pertinent part that:

4.

Within the past week, the said [B. F.] has physically abused the minor daughter of the defendant. Based upon information and belief, [B. F.] grabbed two-and-a-half (2.5) year old daughter by the hair (a ponytail) and pulled her with such force so as to separate the scalp from the skull resulting in severe injuries to the minor child of the defendant. Defendant's minor daughter was hospitalized for several days due to this injury.

5.

The said [B. F.] has numerous criminal charges and convictions involving acts and threats of physical violence. At the present time, an investigation is pending regarding the instant physical abuse to defendant's minor child. Further, there is a pending OCS investigation in St. Landry Parish.

6.

Despite [B. F.]'S violent history and severe physical abuse of her minor daughter, the defendant, T. F. P. , continues to allow B. F. to live

1

and reside in her home. Further, and despite the violent past and reputation of [B. F.] the defendant leaves her children, including the minor child of the parties, in the care of [B. F.] for extended periods of time with no other supervision.

7.

An Ex Parte Order of Custody and Visitation pursuant to La. C.C.P. Article 3945 is needed during this interim period. This Ex Parte Order should grant plaintiff in rule, [K. P.] immediate temporary physical custody of the minor child, [P. A. P.], the resolution of the instant rule for change of custody and visitation. Mover believes that immediate and irreparable injury will result to the minor child if he is in the custody of the defendant, [T. F. P.] . Mover's fears are supported the past history of physical abuse of [B. F.] , in particular the physical attack on two and a half year old daughter and defendant's acquiescence, both tacit and explicit, in continuing to allow [B. F.] to not only live in her residence but to care for/babysit her minor children and the minor child of the parties.

The trial court granted an interim order giving K. P. immediate temporary custody. A hearing was held and judgment rendered granting the parties joint custody with K. P. designated as the domiciliary and custodial parent. T. F. P. was allowed visitation supervised by her mother every other weekend. K. P. moved for and was granted child support to be paid by T. F. P.

In July 2008, T. F. P. filed a Rule for Change of Custody and for Child Support. In her rule she alleged that custody of her daughter had been returned to her by the State. She asked that she be awarded shared custody of P. A. P. and for termination of the child support to K. P. and payment of child support by K. P. to her.

After a hearing the trial court denied the change of custody but increased the amount of supervised visitation by T. F. P. T. F. P. appeals.

**DISCUSSION**

*Application of Bergeron*

T. F. P. first asserts that the trial court erred in applying the standard for change of custody set out in *Bergeron v. Bergeron*, 492 So.2d 1193 (La.1986). T. F. P. argues that *Bergeron* does not apply because she was applying for a change in

visitation rather than a change in custody. However, her rule was one for a change in custody, although the judgment increases her visitation, the trial court correctly applied the *Bergeron* standard in denying the change of custody moved for by T. F.P.

*Change of Circumstance*

T. F. P. asserts that the trial court erred in finding that there had not been a change of circumstances such as to allow a change in custody.

In *Bergeron v. Bergeron*, 492 So.2d 1193, 1200 (La.1986) (citations omitted), the supreme court held that:

> When a trial court has made a considered decree of permanent custody the party seeking a change bears a heavy burden of proving that the continuation of the present custody is so deleterious to the child as to justify a modification of the custody decree, or of proving by clear and convincing evidence that the harm likely to be caused by a change of environment is substantially outweighed by its advantages to the child.

The trial court in the case *sub judice* found that the burden imposed by *Bergeron* was not met by the mover. After reviewing the evidence of record, we agree that no evidence was adduced to show that the continuation of physical custody with K. P. was deleterious to the child. Further, she failed to show sufficient advantages to P. A. P. to outweigh the possibility of harm noted by the trial court:

> with the heavy burden of Bergeron in mind. In view of the fact that while the State may have returned custody to [T. F. P.], the State's determination does not control mine. That's number one. Number two, by her own admission with her testimony the child was returned after parenting classes but the issue of how that child received those injuries is still unresolved. My recollection of the testimony back then was that there were two people in the house the evening before this child woke up the next morning with those injuries. One of two people; I still don't know which one it is. . . .
>
> . . . .
>
> . . . . I'm still going to require supervised visitation until somebody gives me some evidence that investigation is concluded and if you can't find who did something to the child, if I'm still concerned that [B. F.], for whatever reason, still felt the need to come around and fire a shot,

3

ostensibly that's what the testimony seemed to indicate, that concerns me with the welfare of the child.

. . . .

When we have something to indicate that there's a trial or something of that nature--what I'm concerned about still, and not so much concerned, do not believe I've received evidence that [T. F. P.] injured her child. Just as important to me though is that she brought into her children's lives an individual that may well have caused the damage that I saw, and it was severe for a two year old. That concerns me greatly. And there is still, albeit not by her invitation, because of her association with the illustrious [B. F.] , we still got a danger situation that has resulted from that initial relationship. That concerns me. That's where we are now. So when you have information or when we see later down the road that there's no danger from [B. F.], I may look at things differently.

After reviewing the record, we conclude that the trial court correctly found that T. F. P. has not carried the burden of proof imposed by *Bergeron*. We, therefore, affirm the trial court's judgment.

## CONCLUSION

For these reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to the Appellant, T. F. P.

**AFFIRMED.**

4